Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

November 11, 2025

Hon. Magistrate Judge Anne Y. Shields
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    *UFCW Local 1500 Welfare Fund v. The New York and Presbyterian Hospital,* 25-cv-05023-AYS (E.D.N.Y.) – Defendant New York and Presbyterian Hospital's Contested Motion for An Extension

Dear Judge Shields:

      Defendant New York and Presbyterian Hospital ("NYP") respectfully requests a seven-day extension of time to respond to the complaint. The current deadline is November 12, 2025, NYP seeks a short extension to November 19, 2025. There have been no prior requests for extension of this deadline, and it will not affect any other deadlines in the case.

      The reason for the request is to provide the parties time to finalize and file a joint submission regarding consolidation, organization, and initial briefing schedule for this case and the related action, *Cement and Concrete Workers DC Benefit Fund v. NYP*, 25-cv-05571 (E.D.N.Y.). Over the past few weeks, the parties in both actions have been in discussions and exchanging drafts of a joint submission. At the outset of those discussions, the *UFCW* plaintiffs agreed that NYP's deadline to respond to the complaint would be tolled.

      The parties had hoped to file their positions on consolidation and initial schedule well before NYP's November 12th deadline, but there remain a few details for the parties to work out. During a meet and confer yesterday, on November 10th, the *UFCW* Plaintiffs agreed in concept to a stipulation to a modest extension of seven days of NYP's deadline to respond while the parties finalize their joint submission. This morning, however, *UFCW* Plaintiffs informed NYP that they no longer consent and believe NYP should be required to file an intent letter pursuant to EDNY Administrative Order No. 2023-23 ¶ 4, triggering assignment of a District Judge and deadline for NYP's pre-motion letter.

      The problem with Plaintiff's position, however, is that they have expressed an intent to file a consolidated complaint, the timing of which is subject to the parties' forthcoming submission.[1] NYP will likely file a motion to dismiss that consolidated complaint. But that complaint has not yet been filed, and its timing is subject to the parties' current discussions. It is neither efficient nor practical to start the process and related deadlines for responding to the current complaint when plaintiffs will be filing a new, consolidated complaint in the near future.

---

[1] Plaintiffs' intent to file a consolidated complaint is contingent on resolving all other disputed issues related to case management in their favor. This is improper, but will be addressed in the joint letter the parties are preparing on such issues.



Accordingly, NYP respectfully requests a modest extension of seven-days to allow the parties to complete their negotiations and submit their proposals regarding consolidation and scheduling.

Respectfully submitted,

*/s/ David A. Munkittrick*
David A. Munkittrick
*Attorney for Defendant*
*The New York Presbyterian Hospital*

cc: Counsel of Record

**SO ORDERED:**

_____
Hon. Anne Y. Shields
United States Magistrate Judge

Dated: \_\_\_\_ \_\_, 2025