**GARWIN GERSTEIN & FISHER** LLP    88 Pine Street, 28th Floor, New York, NY 10005 | (212) 398-0055 | garwingerstein.com

| | | |
|---|---|---|
| Bruce E. Gerstein | Noah H. Silverman | Dan Litvin |
| Jonathan M. Gerstein | David B. Rochelson | Deborah A. Elman |
| Samuel E. Bonderoff | | |

Sender's e-mail: drochelson@garwingerstein.com

November 11, 2025

**Via ECF**

Hon. Anne Y. Shields, U.S.M.J.
U.S. District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:    *UFCW Local 1500 Welfare Fund v. The New York & Presbyterian Hosp.*, 2:25-cv-5023 (E.D.N.Y.)

Dear Judge Shields:

Counsel for Plaintiff UFCW Local 1500 Welfare Fund ("UFCW") Garwin Gerstein & Fisher LLP and DiCello Levitt LLP write briefly to correct several misstatements in Defendant's letter motion (ECF No. 21) and to seek clarification from the Court.

When Defendant asked Plaintiff for seven additional days to file its motion to dismiss, Plaintiff promptly agreed. That by itself should moot Defendant's letter motion. But Plaintiff has not agreed to the other, implied relief Defendant seeks: permission to refuse to abide by EDNY Administrative Order 2023-23 (the "Administrative Order"), which governs this case. *See* ECF No. 3. Pursuant to Administrative Order ¶ 4, if a Defendant intends to move pursuant to Rule 12(b) to dismiss a case governed by that Order, and if the parties have not yet consented to magistrate judge jurisdiction—as is true here—then on the day its motion to dismiss would be due, Defendant "must file" a one-page letter with the Court "expressing such intent."[1] There is no burden in this requirement; Defendant need not articulate the arguments it will make or even preview them, as would be the case in a pre-motion letter. It simply must express its intent to move to dismiss—

---

[1] *See* Administrative Order 2023-23 ¶ 4 ("If a party intends to file a motion for judgment on the pleadings, summary judgment, [or] to dismiss for failure to state a claim or any relief under Rule 12(b) . . . and all parties have not yet consented to the jurisdiction of the Magistrate Judge, the party seeking such relief must file, no later than any date specified by any Federal or Local Rule governing the timing of such a motion, a letter no longer than one (1) page expressing such intent. The Clerk will then randomly assign a District Judge to serve as the presiding judge in the case. The party will, no later than seven (7) days after such assignment, file either a pre-motion letter or a motion as provided for in the District Judge's Individual Practices, or pursuant to any order issued by the District Judge.").

**GARWIN
GERSTEIN
& FISHER** LLP

which in any event is evident from its motion for extension of time. Defendant's argument that it cannot file its letter of intent until after the filing of an amended complaint therefore falls flat.

The real issue is that once Defendant files its letter of intent, the Clerk will assign a District Judge. Admin. Order ¶ 4. Once that happens, Defendant will have seven days to file a motion or pre-motion letter. *Id.* As such, filing its letter of intent will have the same effect as Defendant's letter motion: it will extend by seven days Defendant's time to move to dismiss.[2] For that reason, Plaintiff proposed a stipulation with Defendant that would extend its time to file its motion to dismiss, but would clarify that Defendant remained subject to the Administrative Order. Defendant refused.

It is clear why: Defendant is trying to avoid appointment of a District Judge in this case in service of its effort to keep this case in Brooklyn, where a later-filed case is on file. *Cement and Concrete Workers DC Benefit Fund v. The New York and Presbyterian Hospital*, 1:25-cv-5571-EK-CLP (E.D.N.Y.). While Plaintiffs have explained that the cases were assigned to Brooklyn due to an error in the clerk's office (and the clerk acknowledged as such; *see id.*, ECF No. 11 (Notice of Related Case); ECF No. 15 (Plaintiff's letter motion)), Defendant has argued that the cases should be consolidated in Brooklyn in part because no District Judge has been assigned in this case. *See id.* ECF No. 16 (Defendant's letter motion). But that fact should not trump Plaintiffs' appropriate choice of venue, particularly since—after tomorrow—any further delay in assignment of a District Judge will be attributable only to Defendant's efforts to avoid its obligations under the Administrative Order. The Court should not countenance such gamesmanship.

On the other hand, assignment of a District Judge in this case will clarify the state of play regarding consolidation and scheduling, simplifying the joint submission to which Defendant refers. It would be inefficient and impractical to try to assess those issues before a District Judge is assigned. In short, Plaintiff consents to Defendant's request for an extension of its motion to dismiss deadline until November 19, 2025, but respectfully asks that the Court clarify that Defendant's letter of intent pursuant to Administrative Order 2023-23 ¶ 4 remains due tomorrow, November 12, 2025.

Sincerely,

*/s/ David B. Rochelson*
Counsel for Plaintiff

CC:    *Counsel of Record (via email)*

---

[2] Plaintiff would be open to discussing an extension of those deadlines, but will not agree to indefinitely avoid assignment of a District Judge.