UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UFCW LOCAL 1500 WELFARE FUND, on
behalf of itself and all others similarly situated,

                               Plaintiff,                   **REPORT AND**
                                                               **RECOMMENDATION**

      -against-                                 CV 25-5023 (ENV)(AYS)


THE NEW YORK AND PRESBYTERIAN
HOSPITAL,

                                Defendant.
-----------------------------------------------------------------X
CEMENT AND CONCRETE WORKERS DC
BENEFIT FUND, on its own behalf and on behalf
of others similarly situated,

                             Plaintiff,                   **REPORT AND**
                                                               **RECOMMENDATION**

                                                       CV 25-5571 (ENV)(AYS)


       -against-


THE NEW YORK AND PRESBYTERIAN
HOSPITAL,

                                Defendant.
-----------------------------------------------------------------**X**
**SHIELDS, Magistrate Judge:**

These cases were commenced by two union benefit funds (the "Funds") against the same

defendant – the New York and Presbyterian Hospital ("NYP"). See Docket Entry ("DE") [23] in

Case No. 25-5023 ("Cement Workers") and DE [18] in Case No. 25-5571 ("UFCW"). Both

cases allege antitrust causes of action based upon the same alleged anti-competitive conduct.

Members of the Funds are alleged to have suffered injury in the forms of less choice and higher

costs with respect to their health care. While these cases were previously assigned to this Court,

and then to District Judges Azrack and Vitaliano, both cases are now assigned to District Judge

Vitaliano. Presently before this Court, upon referral of Judge Vitaliano, are the parties'

unopposed motions for consolidation and other related relief. The parties agree that the cases

should be consolidated for all purposes. They also agree that after consolidation is ordered the

Funds will file a single consolidated class action complaint. While there is agreement as to

consolidation, there is not complete agreement as to the timing of next steps and the necessity of

appointment of class counsel prior to scheduling the briefing of a motion to dismiss.

For the reasons set forth below the Court respectfully recommends that the District Court

grant the motions for consolidation. It is further recommended that after the filing of a

consolidated class action complaint, any party seeking to engage in further motion practice

(including the making of any motion to dismiss or for appointment of counsel) follow the

Individual Rules of Judge Vitaliano, as well as the Federal Rules of Civil Procedure and the

Local Rules of this Court before filing any such motion.

<u>BACKGROUND</u>

I.      <u>The Complaints</u>

      A.     <u>UFCW Complaint (Docket No. 25-5023 (ENV))</u>

      1.     <u>The Parties</u>

Plaintiff in the case filed under Docket No. 25-5023 is the United Food and Commercial

Workers Local 1500 Welfare Fund ("UFCW" or the "UFCW Fund"). The UFCW Fund is a self-

funded benefit fund that offers healthcare benefits to its union members (the "UFCW Union").

The UFCW Union is New York's largest grocery store union, representing over 14,000 members

in the five boroughs of New York City, as well as other counties within the State. As a self-

funder, UFCW pays directly for most of the healthcare expenses it incurs on behalf of UFCW

Union members. Union Members pay a portion of their healthcare expenses in the form of co-pays or coinsurance.

Defendant NYP is one of the largest healthcare systems in the United States. It is also the largest such system (by metrics referred to by UFCW) in New York City.

2.      The Claims and Supporting Facts

Plaintiff alleges three causes of action against NYP: (1) violation of Federal antitrust law (2) violation of New York State antitrust law, and (3) unjust enrichment. Plaintiff seeks damages, treble damages, disgorgement of profits, as well as declaratory and injunctive relief. In support of its claims UFCW alleges the following (briefly summarized) facts.

As noted, UFCW self-funds its union benefit plans, including its health care plan. Self-funded organizations like UFCW rely on third-party administrators ("TPA's) to process and adjudicate claims, and to manage the insurance plan's day to day affairs. These TPA's are typically the same large insurance companies that offer fully-funded commercial health plans to employers offering health care coverage to their employees. TPA's include companies such as Aetna, Anthem, United Health Care and Cigna. These insurance companies negotiate prices with healthcare providers (like NYP) when assembling the network plans that they offer. Each insurance company thereafter builds its own provider networks for the commercial plans that they offer. Self-funded plans, (like the UFCW Fund) are not large insurance companies, and it is alleged that they therefore are not in a position to take the place of such companies to negotiate with healthcare providers and assemble their own provider networks. The needs of self-funded plans are accommodated by insurers providing access to their negotiated networks to such plans

by "renting" their networks to the plans, as part of the services provided in their capacities as TPA's.

Broadly stated, UFCW alleges that a variety of contractual provisions imposed upon insurance companies by NYP allows NYP to, inter alia steer insurers to the exclusive use of all NYP facilities. These "anti-steering" and other provisions are alleged to have allowed NYP to maintain demonstrably higher prices for health care services. UFCW states that NYP is in a position to dictate these provisions because it has the requisite market power within the stated geographical market of New York City. It is also alleged that the ubiquity of NYP's vast structure requires the UFCW Fund to keep NYP (and all of its facilities) within the "top tier" of coverage it offers to UFCW Union Members. Both UFCW and the UFCW Union allege harm in the form of higher prices charged by NYP. Those higher prices are alleged to be traced directly to NYP's anti-competitive conduct when negotiating with insurers. NYP's stated anti-competitive power allows it to insulate itself from competition, and maintain its position as the most expensive and largest hospital system in New York City. UFCW Union members, and those in the class that UFCW seeks to represent are injured because they are forced to pay NYP at artificially inflated rates. They also allege damage in the form of reduced choices when making healthcare decisions.

UFCW's complaint is based solely on conduct by NYP with respect to its dealings with health insurance companies. The insurance companies that negotiate with NYP - the only entities that are in direct negotiations with respect to the alleged anti-competitive clauses - are not named as defendants herein. Nor does the UFCW Fund name any other healthcare provider as a defendant. It is only the conduct of NYP that is singled out. Indeed, the only mention of other providers of healthcare in New York is for the purpose of showing that NYP's prices are

demonstrably higher. NYP alone is the only healthcare system that is alleged to have market power within New York City that allows it to dictate the anti-competitive contractual provisions it requires in order to include NYP as a healthcare choice for UFCW Union members. The Court also notes that there is no anti-competitive conduct alleged that involves any direct negotiation between NYP and either the UFCW Fund or the UFCW Union. Neither entity engages in any such negotiation.

This case is styled as a class action. While the UFCW Union includes members in several New York counties, the relevant geographic market is stated to be no larger than the five boroughs of New York City. UFCW defines the class it seeks to represent as comprising all "entities whose funds were used to pay Defendant for [general acute hospital care] services in New York City at any point during the period from July 25, 2021 to the present." DE [1] at ¶ 135. In support of its claim to proceed as a class action UFCW alleges common questions of law and fact to include: (a) Whether Defendant violated the antitrust laws; (b) Whether Defendant engaged in anticompetitive conduct; (c) Whether Plaintiff and members of the Class suffered an injury; and (d) Whether Plaintiff and members of the Class are entitled to damages and other relief.

      B.      <u>Cement Workers Complaint (Docket No. 25-5571) (ENV))</u>

      1.      <u>The Parties</u>

Plaintiff in the case filed under Docket No. 25-5571 is the Cement and Concrete Workers DE Benefit Fund ("the Cement Workers Fund"). Like UFCW, The Cement Workers Fund is a self-funded union welfare fund. It provides health benefits to approximately 1,700 union members. Like the UFCW case, this case names NYP as the sole Defendant.

### 2. The Claims and Supporting Facts

Like the UFCW case, this case alleges that NYP has violated Federal and State antitrust laws.[1] Like the UFCW Fund, the Cement Workers Fund alleges that NYP's conduct with regard to the negotiation of prices to insurers who are assembling networks is contingent upon agreement to non-negotiable anti-competitive clauses. The same anti-competitive clauses alleged by the UFCW Fund are alleged by the cement Workers Fund to have resulted in higher prices and less choice in health care for their respective union members. Because the conduct alleged against NYP is the same conduct alleged in the UFCW case, it is not necessary to repeat and detail the allegations herein.

## II. Disposition of the Motion

### A. Legal Principles

Rule 42 of the Federal Rules of Civil Procedure allows Courts to consolidate multiple actions that involve common questions of law or fact. Fed. R. Civ. P. 42(a) ("If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.") "The Second Circuit has interpreted this rule broadly, stating that Rule 42 gives district courts 'broad discretion to determine whether consolidation is appropriate.'" Scher v. Cohen Fashion Optical, LLC, 2026 WL 71884, at *1 (E.D.N.Y. Jan. 9, 2026) (citations omitted). While judicial economy is to be considered while determining if

---

[1] The UFCW case also contains an unjust enrichment cause of action. Inclusion of this cause of action, which is based upon the same facts as the antitrust causes of action, does not change this Court's decision regarding the similarity of the cases sought to be consolidated.

consolidation is appropriate, the "paramount concern" in ensuring that the parties have a "fair and impartial trial." Id.

B.     Recommendation

1.     Consolidation

Upon review of each complaint, the Court agrees with the parties that these cases should be consolidated pursuant to Rule 42 of the Federal Rules of Civil Procedure. While the Plaintiffs are two separate unions, both cases name NYP as the sole defendant. The Plaintiffs in both cases are self-funded employee benefit plans providing health care coverage to their union members. Both cases allege the same particularized anti-competitive conduct in the form of NYP's behavior with respect to insurance companies entering into contracts to build their networks. NYP's conduct is alleged to have taken place in the same geographic market (New York City) in which NYP is stated to have market power. Both cases allege Federal and State antitrust claims. The UFCW case contains a third cause of action - supported by the same facts- for unjust enrichment.

Both cases are styled as class actions. The class that plaintiffs in both cases seek to represent is, essentially, the same. Compare UFCW Fund, at 25-5023 DE [1] at 135 with Cement Workers Fund, Docket No. 25-5571; DE [1] at 137. While the unions offered benefits by the Funds are different and both are probably governed by different collective bargaining agreements, both Funds offer health care benefits to union members, likely under similar provisions. Neither case alleges that NYP or, indeed any insurance company, interacted with either union. Instead, the cases are grounded only in the conduct of NYP with respect to

insurance companies, and how services are packaged for presentation to entities like UFCW and the Cement Workers Fund, which offer health care coverage to members.[2]

The virtual identity of facts and claims leads to the clear conclusion that there are common questions of law and fact. These cases involve complex areas of antitrust law. There is no question but that economy will be served by consolidation which will guard against replication of effort with respect to discovery and preparation for trial. While matters may change, it appears now that a unified trial will serve the interests of fairness to all parties and judicial economy. No party argues otherwise. In sum, consideration of all factors point toward the propriety of consolidation.

The Court also notes that consolidation and the "relating" of these cases is appropriate pursuant to the "related cases" rule that applies to cases pending in this District. See Rule 3 of the Rules for the Division of Business for the Eastern District (the "Local Rules"). While the Local Rules state that cases are not "related" simply because they "involve identical legal issues or the same parties, "it allows cases to be deemed related when, because of the similarity of facts and legal issues . . . a substantial saving of judicial resources is likely to result from assigning both cases to the same District and/or Magistrate Judge." Id.  The Court therefore respectfully recommends that these cases remain related within the meaning of the Local Rules, and also that they be consolidated for all purposes pursuant to Rule 42.

  2.    Other Motions

---

[2]       In the event that individual union contracts become at issue the District Court may consider directing separate trials. For now, the fact that UFCW and the Cement Workers Fund represent different unions does not present a bar to consolidation.

In addition to the motions for consolidation (appearing as letters on the dockets herein) the parties have stated their positions regarding motions for appointment of interim lead counsel for the proposed plaintiff class, as well as the briefing of a motion to dismiss. It is the parties' expressed disagreement as to these issues that led to this Court's impression that there was not agreement as to consolidation. Plaintiff's counsel in UFCW clarified, stating that all plaintiffs agreed that the cases should be consolidated. See DE [32] in 25-5023. That counsel also stated that upon consolidation it would, within 14 days, submit motions for appointment of interim lead counsel. The letter also sets forth a proposed briefing schedule for NYP's motion to dismiss. It is unclear whether defense counsel has changed their position that appointment of interim lead counsel is premature.

In view of these positions the Court recommends against adopting any schedule for either the briefing of a motion for appointment of lead counsel, or a motion to dismiss at this time. Instead, the Court recommends only that the cases be consolidated and that Plaintiffs' counsel be directed to confer and file a consolidated class action complaint within two weeks of either adoption of this Report and Recommendation or a final decision of the District Court with respect to consolidation. The Court further recommends that the parties thereafter submit appropriate pre-motion letters to the District Court to enable that Court to consider the scheduling of motions for appointment of lead counsel and/or a motion to dismiss the consolidated class action complaint.

<u>RECOMMENDATION</u>

For the reasons stated herein, it is respectfully recommended that the parties' motions for consolidation, appearing as Docket Entries [23] and [32] in the case filed under 25-5023 and Docket Entries [15], [18], and [27] in the case filed under 25-5571 be granted on the terms set

forth above.  It is further respectfully recommended that Plaintiffs' counsel be directed to confer and file a consolidated class action complaint within two weeks of either adoption of this Report and Recommendation or a final decision of the District Court with respect to consolidation.

<u>OBJECTIONS</u>

A copy of this Report and Recommendation is being electronically served on counsel. Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days may preclude further review of this report and recommendation either by the District Court or Court of Appeals.  <u>Thomas v. Arn</u>, 474 U.S. 140, 145 (1985) ( [A] party shall file objections with the district court or else waive right to appeal."); <u>Caidor v. Onondaga Cnty.</u>, 517 F.3d 601, 604 (2d Cir. 2008) ( [F]ailure to object timely to a magistrate s report operates as a waiver of any further judicial review of the magistrate s decision.").


Dated:	Central Islip, New York
	April 22, 2026

			  /s/ Anne Y. Shields
			ANNE Y. SHIELDS
			United States Magistrate Judge